# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:03CR398 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE SARA LIOI |
| vs. ) | |
| ) | MEMORANDUM OPINION & |
| ROBERT K. LAWSON, ) | ORDER |
| ) | |
| Defendant. ) | |

Before the Court is Defendant Robert K. Lawson's ("Defendant" or "Lawson")'s *pro se* motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), Amendment 706 to U.S.S.G. §2D1.1 of the U.S. Sentencing Guidelines Manual, and the U.S. Sentencing Commission's decision to retroactively apply Amendment 706 to certain offense levels for the illegal possession of crack cocaine. (Doc. No. 34.)[1] The United States of America ("the Government") responded in opposition (Doc. No. 35), Defendant replied (Doc. No. 36), the Government filed a surreply (Doc. No. 37), and Defendant filed a second reply (Doc. No. 38). For the reasons that follow, Defendant's motion is **DENIED**.

## I.     BACKGROUND

On March 1, 2004, Defendant pled guilty to a three-count indictment in which he was charged in Count 1 with possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 851, in Count 2 with possession with intent to

---

[1] Defendant originally filed his motion for sentence reduction on July 13, 2011. (Doc. No. 28.) On July 14, 2011, the Federal Public Defender's Office filed a motion for appointment of counsel on Defendant's behalf for purposes of assisting Defendant with his motion for sentence reduction. (Doc. No. 30.) On October 24, 2011, the Court granted Defendant's motion for appointment of counsel and denied his motion for sentence reduction without prejudice to refiling by the Federal Public Defender if appropriate. The Federal Public Defender's Office did not refile Defendant's motion for sentence reduction, and on October 29, 2012, Defendant filed the present *pro se* motion seeking to reinstate his previously filed *pro se* motion.

distribute cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 851, and in Count 3 with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Count 1 was subject to a statutory mandatory minimum sentence of 240 months and Count 2 was subject to a statutory mandatory minimum sentence of 120 months.

There is no dispute that based upon initial advisory guideline calculations, Defendant had a Criminal History Category VI and a total offense level 34. This calculation was based on the offense conduct involving 251.84 grams of cocaine base ("crack") and 1042.09 grams of cocaine powder resulting in a base offense level of 34. Next, Lawson was subject to a two-level enhancement for possession of a dangerous weapon resulting in an offense level of 36. Further, based on his prior felony drug convictions, the Court determined Lawson was a career offender under U.S.S.G. §4B1.1, with an offense level of 37. The Court then reduced Lawson's offense level by three levels for acceptance of responsibility to level 34. The preliminary resulting advisory guideline range at Criminal History Category VI was 262-327 months imprisonment. The Court imposed a 262-month sentence.

Defendant moves this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), Amendment 706 to §2D1.1 of the U.S. Sentencing Guidelines Manual. (Doc. No. 34.) Additionally, although not specifically raised in Defendant's motion, based on his arguments, it appears he is also seeking a reduction under Amendment 750. Defendant asks this Court to reduce his sentence to 240 months. The Government opposes the motion, arguing that Defendant's sentence should not be reduced since neither Amendment 706 or 750 applies to his sentence, which was based on Defendant's status as a career offender. (Doc. No. 35.)

**II.     LAW AND ANALYSIS**

**A. Statutory Background**

A district court may resentence a defendant only as expressly provided by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Congress allows a district court to modify a term of imprisonment under § 3582(c) when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Section 3582(c) additionally states that the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission, on November 1, 2007, adopted Amendment 706 to the Drug Quantity Table in U.S.S.G. §2D1.1, which reduced the base offense level for most crack cocaine offenses. U.S.S.G. §1B1.10 was thereafter revised on December 11, 2007 to reiterate the limits on relief available under 18 U.S.C. § 3582(c). Specifically, Application Note 1(A) states that a reduction under § 3582(c)(2) is not authorized if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n. 1 (2010). The Commission then added Amendment 706 to the list of amendments in U.S.S.G. § 1B1.10(c) that will be applied retroactively, effective as of March 3, 2008.

On June 30, 2011, the Sentencing Commission adopted Amendment 750 to the Drug Quantity Table in U.S.S.G. §2D1.1, which again altered the offense levels applicable to crack cocaine offenses. U.S.S.G §1B1.10 was subsequently revised on November 1, 2011. Application Note 1(A) continues to state that a reduction under § 3582(c)(2) is not authorized if a

retroactive amendment does not result in lowering the applicable sentencing range. U.S.S.G. § 1B1.10 cmt. n.1 (2011) (emphasis added). The Commission then added Amendment 750 to the list of amendments in U.S.S.G. §1B1.10(c) that will be applied retroactively, effective as of November 1, 2011.

This Court must determine whether Defendant's sentence was based on a sentencing range that has subsequently been modified by Amendment 706 or 750 and whether the proposed reduction is consistent with the Commission's guidelines and policy statements.

**B. The Court Is Not Authorized To Modify Defendant's Sentence Because His Sentence Was Based On The Career Offender Guidelines, Not A Subsequently Amended Guideline Range.**

Once a Defendant is determined to be a career offender under §4B1.1, if the career offender sentencing range is greater than the initial advisory guideline range, the career offender range controls. U.S.S.G. §4Bl.l(b). Here, the initial advisory calculation resulted in an offense level 36. Once Defendant was found to be a career offender, his offense level became 37. Therefore, the Court ultimately calculated Defendant's sentencing range based on this increased offense level set forth in the career offender guidelines.

When the sentencing range is derived from §4B1.1, and not the amended Drug Quantity Table in §2D1.1, Amendment 706 and 750 are not applicable. *United States v. Tillman*, No. 12-1557, 2013 WL 150112, at *2 (6th Cir. Jan. 15, 2013) ("A defendant whose sentence is based upon the career offender sentencing guideline cannot benefit from Amendment 750 because that amendment did not lower the career offender sentencing guidelines range.") (citation omitted); *United States v. Perdue*, 572 F.3d 288, 292 (6th Cir. 2009) (district court may not reduce a defendant's sentence pursuant to Amendment 706 if the defendant was originally

sentenced as a career offender); *United States v. Alexander*, 543 F.3d 819, 825 (6th Cir. 2008) (crack cocaine amendments do not affect sentencing ranges derived from the unamended career offender provision).[2] While the Court may have initially discussed the advisory guideline range applying §2D1.1 calculations, once Defendant was held to be a career offender under §4B1.1, the career offender range governed. Thus, the career offender guideline range set forth in §4B1.1 became the basis of Defendant's sentence, for purposes of § 3582(c)(2).[3]

Further, Application Note 1(A) to §1B1.10 clarifies that a sentence reduction under § 3582(c)(2) is expressly prohibited when the amendment does not reduce the defendant's guideline range "because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. §1B1.10 cmt. n.l (2010). In this case, Defendant's career offender status makes him ineligible for a sentence reduction under § 3582(c)(2).[4]

---

[2] Moreover, the Fair Sentencing Act of 2010 ("FSA") does not provide a basis for reducing Lawson's sentence because it does not apply retroactively to defendants, like Lawson, who were sentenced before the statute was enacted. *See Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012). Lawson's criminal conduct occurred in 2003 and he pleaded guilty and was sentenced in 2004, well before the FSA was enacted in 2010.

[3] Lawson's reference to *United States v. Jackson,* 678 F.3d 442, 444–45 (6th Cir. 2012), is inapplicable because nothing in the record suggests that the Court based Lawson's sentence on the crack cocaine guidelines range. Lawson's base offense level was 34, which was subject to a 2-level enhancement for possession of a dangerous weapon, for an adjusted offense level of 36. However, the Court determined Lawson was a career offender, based on his prior felony drug convictions, with an offense level of 37. The Court then reduced the offense level by 3 levels for acceptance of responsibility to level 34. The resulting guideline range at Criminal History Category VI was 262 to 327 months and the Court imposes a sentence of 262 months. That sentence was clearly based on Lawson's career offender range, not the range that would have applied but for his career offender status. *See United States v. Pembrook,* 609 F.3d 381, 387 (6th Cir. 2010). The fact that Lawson received an acceptance of responsibility reduction is irrelevant to the conclusion that he was sentenced as a career offender. *See e.g., United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009).

[4] Defendant's reliance on *Freeman v. United States*, 131 S. Ct. 2685 (2011), is misplaced. Unlike in *Freeman*, Defendant here did not enter into a binding Rule 11(c)(1)(C) plea agreement with the Government. Nor is there any language in defendant's plea agreement indicating he would be sentenced in accordance with a particular §2D1.1 guideline range. To the contrary, Lawson's sentence was calculated under §4B1.1 based on his career offender designation. Even if the parties did discuss the crack cocaine guidelines in reaching during plea negotiations, this "does not empower the court under § 3582(c)(2) to reduce the term of imprisonment that is ultimately agreed upon." *Freeman*, 131 S. Ct. at 2697. Specifically, Justice Sotomayor recognized that the guidelines are the starting point for plea negotiations, for "plea bargaining necessarily occurs in the shadow of the sentencing scheme to which the

Since Defendant was originally sentenced based on the career offender guideline range, which has not been amended, this Court lacks jurisdiction under § 3582(c)(2) to modify his sentence. As such, the Court **DENIES** Defendant's motion for sentence reduction.

**IT IS SO ORDERED**.

Dated: February 14, 2013

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

defendant would otherwise be subject. The term of imprisonment imposed by the district court, however, is not 'based on' those background negotiations." *Id*. (citing United States v. Booker, 543 U.S. 220, 255 (2005)).