# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:03CR398 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| ROBERT K. LAWSON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Defendant Robert Lawson ("Lawson"), a federal prisoner, moves through counsel for a reduction of his sentence under § 404 of the First Step Act of 2018. (Doc. No. 51 ["Mot."].) By the same filing, he also seeks a reduction in his term of supervised release. (Mot. at 224.) As part of his plea for relief, Lawson requests that his judgment be vacated, and that he be remanded for the purpose of conducting a new sentencing hearing. (Mot. at 224-25.) The United States of America (the "government") has filed a response (Doc. No. 52 ["Opp'n"]), and Lawson has replied. (Doc. No. 53 ["Reply"].) At the direction of the Court, the government filed a sur-reply. (Doc. No. 54 ["Sur-reply"].) Lawson has also filed several supplements. (*See* Doc. Nos. 55, 56, 58.) Because the Court finds that Lawson is ineligible for a sentence reduction under the First Step Act due to his status as a career offender, the Court DENIES his motion for a sentence reduction.

**I. BACKGROUND**

On March 1, 2004, Lawson pled guilty to a three-count indictment in which he was

charged with possession to distribute cocaine base ("crack"), possession with intent to distribute cocaine powder, and being a felon in possession of a firearm. Based upon his initial guidelines calculation, Lawson had a Criminal History Category VI and a total offense level of 34. He was subject to a two-level enhancement for possession of a dangerous weapon resulting in an offense level of 36. Further, based on his prior felony drug convictions, the Court determined Lawson was a career offender under U.S.S.G. § 4B1.1, with an offense level of 37. The Court then reduced Lawson's offense level by three levels for acceptance of responsibility to level 34. The preliminary resulting guidelines range at Criminal History Category VI was 262-327 months imprisonment. On July 23, 2004, the Court sentenced Lawson to a low-end sentence of 262 months. (Doc. No. 24 (Judgement).)

Lawson moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), Amendment 706 to § 2D1.1 of the U.S. Sentencing Guidelines Manual.[1] (Doc. No. 34.) By this motion, he also sought a reduction under Amendment 750. In a decision dated February 14, 2013, the Court denied the motion, finding that the sentencing ranging was derived from U.S.S.G. § 4B1.1, and not the amended Drug Quantity Table in § 2D1.1. As such, it concluded that Amendments 706 and 750 were not applicable. (Doc. No. 39 (Memorandum Opinion and Order) at 145-47 [citing, among authority, *United States v. Tillman*, No. 12-1557, 2013 WL 150112, at *2 (6th Cir. Jan. 15, 2013) ("A defendant whose sentence is based upon the career offender sentencing guideline cannot benefit from Amendment 750 because that amendment did not lower the career offender

---

[1] This matter was originally assigned to the docket of the Honorable Peter C. Economus. The case was reassigned to the undersigned on April 7, 2011.

sentencing guidelines range."); *United States v. Perdue*, 572 F.3d 288, 292 (6th Cir. 2009) (district court may not reduce a defendant's sentence pursuant to Amendment 706 if the defendant was originally sentenced as a career offender)].)

Now Lawson seeks a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, signed into law on December 21, 2018. Section 404 of the Act retroactively applies certain sentencing reforms provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat 2372. Specifically, the First Step Act retroactively applies the reduced statutory penalties for cocaine base ("crack") offenses in the Fair Sentencing Act to "covered offenses" committed before August 3, 2010. The court that imposed a sentence for a covered offense may impose a sentence as if the Fair Sentencing were in effect at the time the covered offense was committed. This reduction in sentence may be made by the court on its own or on a motion of the defendant, the Director of the Bureau of Prisons, or an attorney for the United States.

However, § 404(c) of the Act makes clear that a sentencing reduction is discretionary. *See* Pub. L. 115-391, § 404(c), 132 Stat. 5194, 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.") In deciding whether to exercise its discretion and reduce a sentence, courts are to consider the factors set forth in § 3553(a), which requires consideration of the applicable guideline range as well as all other pertinent information about the offender's history and conduct.

Initially, the Court finds that Lawson is not entitled to the benefits of the First Step Act for the same reason that he was not eligible for a sentence reduction under Amendments 706 and 750 to the Fair Sentencing Act—he was sentenced as a career offender. In *United States v. Riley*,

3

726 F.3d 756, 758 (6th Cir. 2013), the Sixth Circuit addressed whether prisoners sentenced as career offenders were eligible for a sentence reduction under the Fair Sentencing Act and held that those sentenced as career offenders under U.S.S.G. § 4B1.1 were not eligible because the reforms in the Fair Sentencing Act only affected the guidelines ranges under U.S.S.G. § 2D1.1. *Id.* at 758-59. Because "sentences of career offenders under § 4B1.1 are not based on the § 2D1.1 ranges[,]" the reforms in the Fair Sentencing Act cannot serve to alter or modify those sentences. *Id.* at 759. The fact that those same reforms are now applied retroactively to conduct committed prior to August 3, 2010 does not change the analysis. *See, e.g., United States v. Holloway*, No. 5:05-CR-063-JMH-CJS, 2019 WL 691774, at *2 (E.D. Ky. Feb. 19, 2019) (career offender sentenced under § 4B1.1 was ineligible for a sentence reduction under the First Step Act).

Lawson acknowledges his status as a career offender, but argues that, if convicted today, he would not be classified as a career offender because his state court convictions could not be considered qualifying predicate convictions under § 4B1.2. (Reply at 237.) Citing *United States v. Montanez*, 442 F.3d 485 (6th Cir. 2006), Lawson argues that his state drug convictions no longer qualify as career offender predicates because they only require possession of a controlled substance and do not contain the necessary element of intent to distribute. Calculating his guidelines range under 2D1.1, Lawson insists that his range would be 120 to 150 months, with a statutory mandatory minimum term of 120 months.[2] (Reply at 237.)

---

[2] Lawson also underscores the fact that he was sentenced prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and, as such, the guidelines were considered mandatory.

4

The government does not dispute that, were he sentenced today, Lawson would not qualify as a career offender. However, it argues that, given the limited nature of the sentencing reduction proceedings afforded by the Fair Sentencing Act and the First Step Act, Lawson's continued status as a career offender is not properly before this Court. (Sur-reply at 246, 249.)

The Court agrees with the government that Lawson is not entitled to a "plenary resentencing" at this time and a reconsideration of the career offender determinations made by the Court at sentencing. First, nothing in the First Step Act anticipates a full re-sentencing with application of laws and guidelines that have changed since a defendant's original sentencing, other than the retroactive application of the reduced penalties for crack cocaine set out in the Fair Sentencing Act. The First Step Act simply permits a court to "impose a reduced sentence" as if the Fair Sentencing Act's increased cocaine base requirements "were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. And, in fact, to permit such a re-sentencing, applying other laws and guidelines that have changed since Lawson's original sentencing, would "work an injustice to offenders sentenced in the past who did not have a crack cocaine conviction qualifying for sentence reduction pursuant to the Fair Sentencing Act of 2010." *See United States v. Russo*, No. 8:03CR413, 2019 WL 1277507, at *1 (D. Neb. Mar. 20, 2019); *see also Holloway*, 2019 WL 691774, at *2 (noting that the "Court will not go back, over thirteen years after Holloway was sentenced, and resentence [him] under U.S.S.G. § 2D1.1 [without the career offender designation]").

Moreover, the Court finds persuasive the government's argument that a reduction of sentence pursuant to the First Step Act is analogous to a reduction of sentence under 18 U.S.C. § 3582(c)(2), based on a retroactive guideline amendment, which does not require plenary

5

resentencing. *See Dillon v. United States*, 560 U.S. 817, 825-26, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (noting that a reduction of sentence under 18 U.S.C. § 3582(c)(2), based on a retroactively-applicable guideline amendment, did not involve a plenary resentencing, but only application of the new guideline range as dictated by the Commission). The First Step Act contemplates a recalculation of a defendant's guidelines under the Fair Sentencing Act and a sentencing reduction consistent therewith, if warranted. Much like § 3582(c)(2), therefore, the Act contemplates "only a limited adjustment to an otherwise final sentence[.]" *See Dillon*, 560 U.S. at 826; *see, e.g., Russo*, 2019 WL 1277507, at *2 (applying *Dillon* to find that the First Step Act does not require plenary resentencing); *see also United States v. Potts*, No. 2:98-cr-14010-ROSENBERG, 2019 WL 1059837, at *2-3 (S.D. Fla. Mar. 6, 2019) (refusing to re-evaluate defendant's career offender status, finding that the First Step Act does not require full re-sentencing hearing); *United States v. Davis*, No. 07-CR-245S(1), 2019 WL 1054554, at *2 (W.D. N.Y. Mar. 6, 2019) (First Step Act does not permit plenary resentencing, but, rather, permits only the imposition of a reduced sentence).

That said, the Court will exercise its discretion to lower Lawson's term of supervised release. At sentencing, Lawson was subject to—and the Court imposed—a 10 year term of supervised release under 21 U.S.C. § 841(b)(1)(A). Given that Lawson's offense conduct is now punishable under 21 U.S.C. § 841(b)(1)(B), and because he had a prior felony drug conviction, his minimum term of supervision has been lowered to 8 years. *See* 21 U.S.C. § 841(b)(1)(B) (2010). Given this change, the Court shall lower the term of supervised release to 8 years.[3]

For all of the foregoing reasons, Lawson's motion to reduce his sentence is DENIED. His

---

[3] The government does not oppose a reduction to Lawson's term of supervised release.

motion to reduce his term of supervised release is GRANTED. Accordingly, the term of supervised release is reduced from 10 years to 8 years, under the same terms and conditions set forth in the judgment entry filed on July 23, 2004. (Doc. No. 24.)

    **IT IS SO ORDERED**.


Dated: May 2, 2019

    **HONORABLE SARA LIOI**
    **UNITED STATES DISTRICT JUDGE**