# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:03CR398 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| ROBERT K. LAWSON, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On May 2, 2019, the Court issued a memorandum opinion and order denying the motion of defendant Robert K. Lawson ("Lawson") for a reduction of his sentence under § 404 of the First Step Act of 2018. (Doc. No. 59 ["MOO"]; *see* Doc. No. 51 (Motion ["Mot."]).) In so ruling, the Court observed that, even after the reduced statutory penalties were applied retroactively, Lawson's designation as a career offender remained unchanged. While recognizing that a sentence reduction under the First Step Act was left to the discretion of the district court, the Court concluded that Lawson was not entitled to a reduction for the same reasons that he was not eligible for a sentence reduction under Amendments 706 and 750—"he was sentenced as a career offender." (MOO at 267[1].)

Lawson appealed, and the Sixth Circuit has remanded the matter to this Court for the limited purpose of clarifying whether the Court had determined that Lawson was not eligible for consideration under the First Step Act of 2018, or whether it determined that Lawson's continued

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

status as a career offender informed the Court's decision to exercise its discretion to deny a reduction. (Doc. No. 68 ["Order"]).) The Court intended to convey the latter and now provides this explanation clarifying its position with respect to Lawson's request for a sentence reduction under the First Step Act.

Under the terms of the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, PL 115-391, Dec. 21, 2018, 132 Stat 5194. A "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id*. at § 404(a).

The Court now clarifies that the First Step Act applies to Lawson, whose drug offense conduct involved 251.84 grams of cocaine base ("crack"), because Lawson committed a "covered offense" under the Act. In 2004, Lawson pled guilty to a violation of 21 U.S.C. § 841(b)(1)(A), which carried a statutory penalty of 10 years to life in prison. Lawson's statutory range increased to 20 years to life when the government filed a notice of a prior felony drug conviction. *See* 21 U.S.C. §§ 841(b)(1)(A) and 851. Section 2 of the Fair Sentencing Act increased the drug quantities triggering mandatory minimums for crack cocaine offenses, and for a crime involving 251.84 grams of cocaine, with the prior felony drug conviction enhancement, the statutory penalty would be 10 years to life imprisonment. Because Lawson's drug offense was committed before August 3, 2010 and his sentencing exposure is different under section 2 of the 2010 Fair Sentencing Act, he is eligible to have the Court consider a reduced sentence under

the First Step Act.[2]

Even though Lawson's eligibility for consideration under the First Step Act is not affected by the fact that he remains a career offender, the Court finds that it factors into its discretionary decision to deny a sentence reduction. At the time of sentencing, Lawson had a significant criminal record which included two felony drug-related convictions. (Doc. No. 32 (Transcript of Sentencing Hearing ["TR"]) at 205.) After the government filed a notice of a prior felony drug conviction, the maximum statutory penalty became life imprisonment. Under U.S.S.G. § 4B1.1(b)(1), where the statutory maximum is life imprisonment, the base offense level is increased to 37. While the statutory mandatory minimum has been reduced to 10 years, the statutory maximum continues to be life imprisonment and his career offender designation, therefore, would still increase his total offense level to 37. *See* U.S.S.G. § 4B1.1(b)(1). After applying a three-level downward adjustment for acceptance of responsibility, his total offense level would be reduced to 34. With a Criminal History Category of VI, the appropriate sentencing range would remain 262 to 327 months. (*See* TR at 206.)

Lawson's sentence of 262 months was, and continues to be, a low end sentence under the Sentencing Guidelines, and the Court declines to exercise its discretion to reduce the sentence further. As the court noted at sentencing, the shorter prison sentences Lawson had served in the past did not have the desired effect of rehabilitating his behavior. (TR at 209.) While the Court commends Lawson for the programming he has completed in prison, the Court finds that Lawson and society is best served by a low end guidelines sentence of 262 months. *See United States v.*

---

[2] To the extent the Court's prior ruling could be interpreted as finding Lawson ineligible for consideration under the First Step Act, the Court acknowledges that such an interpretation would lead to a legally erroneous result. *See United States v. Beamus*, No. 19-5533 (6th Cir. Nov. 21, 2019) (recommended for full-text publication).

*Norman*, 398 F. Supp. 3d 191, 197 (W.D. Mich. 2019) (In considering a sentence reduction under the First Step Act, the Court may look to multiple sources of information, including: the factors set out in 18 U.S.C. § 3553(a), the revised statutory range under the Fair Sentencing Act, any amendments to the guideline range, and post-sentencing conduct) (citing *United States v. Jones*, No. 2:05-CR-29-FL-1, 2019 WL 2480113, at *2 (E.D.N.C. June 11, 2019)).[3]

Accordingly and by way of clarification, the Court hereby exercises its discretion to deny Lawson's motion for a sentence reduction under the First Step Act of 2018.

**IT IS SO ORDERED**.

Dated: December 9, 2019

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] In so ruling, the Court, once again, rejects Lawson's argument that his predicate offense in the government's notice would no longer qualify as a predicate offense today. As the Court previously determined, the First Step Act does not provide for plenary resentencing. *See Norman*, 398 F. Supp. 3d at 197 (citing, among authority, *United States v. Boulding*, 379 F. Supp. 3d 646, 653 (W.D. Mich. 2019)).