# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ROBERT K. LAWSON, | CASE NO. 1:03CR398 |
| PETITIONER, | JUDGE SARA LIOI |
| vs. | |
| | MEMORANDUM OPINION AND ORDER OF TRANSFER |
| UNITED STATES OF AMERICA, | |
| RESPONDENT. | |

Before the Court is the motion of petitioner Robert K. Lawson ("Lawson") to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 63 ["Mot."].) Respondent United States of America (the "government") opposes the motion on the grounds that it represents a second or successive petition. (Doc. No. 67 ["Opp'n"].) For the reasons that follow, Lawson's motion is TRANSFERRED to the Sixth Circuit Court of Appeals.

## I. BACKGROUND

On March 1, 2004, Lawson pled guilty to a three-count indictment in which he was charged with: possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); possession with intent to distribute cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Based on a prior state felony drug conviction, the Court determined Lawson was a career offender under U.S.S.G. § 4B1.1 and assigned the corresponding offense level of 37. After applying the appropriate level reductions, and taking into consideration

Lawson's Criminal History Category VI designation, the Court determined that the appropriate guidelines sentencing range was 262–327 months. The Court sentenced Lawson to a low-end guideline sentence of 262 months.

Lawson has subsequently pursued various collateral avenues to attack his sentence. Pertinent to the present motion, on August 2, 2005, Lawson filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 27; Case No. 4:05-CV-1896, Doc. No. 1.) In that prior § 2255 motion, Lawson asserted ineffective assistance of trial counsel. On April 13, 2006, the Court denied the § 2255 motion, rejecting, on the merits, Lawson's claims of ineffective assistance of trial counsel. (Case No. 4:05-CV-1896, Doc. No. 9.)

## II. LAW AND ANALYSIS

On September 4, 2019, Lawson filed the present § 2255 motion, which Lawson concedes numerically represents his second motion to vacate under § 2255. In this most recent motion, Lawson maintains that he is "actually innocent" of the career offender enhancement. (Mot. at 275[1].) Specifically, relying on *United States v. Montanez*, 442 F.3d 485 (6th Cir. 2006), he argues that his state court convictions no longer qualify as predicate convictions under the sentencing guidelines for career offender enhancement.[2] (Mot. at 275.)

The government initially opposes the motion on the grounds that it represents a second or successive § 2255 motion. An individual seeking to file a second or successive motion under § 2255 must first ask the court of appeals for an order authorizing the district court to consider the

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

[2] This argument also serves as the basis for Lawson's motion for a sentence reduction under § 404 of the First Step Act of 2018. (Doc. No. 51.) Lawson's appeal from the Court's denial of his motion is still pending. (Doc. No. 59 (Order Denying Motion); Doc. No. 62 (Notice of Appeal); Doc. No. 69 (Order Clarifying Court's Ruling).)

petition. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998). As the Sixth Circuit has explained, however, "not all second-in-time petitions are 'second or successive'" for purposes of § 2244(b). *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017). "But this not-second-or-successive exception is generally restricted to two scenarios. The first is where ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition. The second is where a federal court dismissed an earlier petition because it contained exhausted and unexhausted claims and in doing so never passed on the merits." *Id*. (citations omitted).

Lawson essentially argues that his claim was "unripe" at the time he filed his first motion to vacate because the grounds upon which he now relies did not exist. He argues that "the facts upon which this claim is based [the Sixth Circuit's ruling in *Montanez*] were not known, and could not have been known, to [him] at the time of his previous [§] 2255 [m]otion." (Mot. at 275.) A claim is not "unripe," however, simply because it depends on a new rule of law that emerged after the movant's first round of collateral review. *Coley*, 871 F.3d at 457 ("What the [unripe] exception *cannot* mean is what *Coley* claims it means: that a petition is not second or successive whenever it relies on a rule that did not exist when the petitioner filed his first petition.") (emphasis in original). Here, Lawson's claim depends on a new rule—the Sixth Circuit's ruling in *Montanez*—not on new facts. The factual predicate of Lawson's claim was known at the time he was sentenced, and, therefore, the present second-in-time § 2255 motion does not fall within the not-second-or-successive exception.

While the Court expresses no opinion on the likelihood of success of the underlying motion, because Lawson has not sought permission from the Sixth Circuit to file a second or

3

successive § 2255 motion, the Court lacks jurisdiction to consider the instant filing. *See Burton v. Stewart*, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding district court lacked jurisdiction to review new petition because it was successive and therefore required authorization). Lawson must first secure permission from the Sixth Circuit to proceed. *See, e.g., Muslim v. United States*, Nos. 2:08-cr-238, 2:10-cr-64, 2:10-cr-65, 2019 WL 5419433, at *2 (S.D. Ohio June 12, 2019) (rejecting argument that Fourth Circuit decision constituted a newly discovered fact that could not have been discovered prior to the decision); *Amawi v. United States*, No. 3:06CR719, 2018 WL 4823116, at *2 (N.D. Ohio Oct. 4, 2018) (treating second-in-time § 2255 motion based on new rule announced in recent Supreme Court decisions as second or successive); *Fears v. Jenkins*, No. 2:17-cv-029, 2018 WL 1531494, *2 (S.D. Ohio Mar. 29, 2018) (rejecting argument that Supreme Court ruling represented a new "factual predicate" that did not exist when original habeas petition was filed).

### III. CONCLUSION

Accordingly, the Court ORDERS the Clerk of Court to TRANSFER the present filing to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination as to whether Lawson may file a second or successive motion under 28 U.S.C. § 2255.

**IT IS SO ORDERED**.

Dated: December 9, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**