# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:03-cr-398 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| ROBERT K. LAWSON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Defendant Robert K. Lawson ("Lawson") is serving a 262-month sentence for possession with intent to distribute cocaine base ("crack"), possession with intent to distribute cocaine powder, and being a felon in possession of a firearm. (Doc. No. 24 (Judgment).) Now before the Court, upon remand from the United States Court of Appeals for the Sixth Circuit, is Lawson's motion for a sentence reduction pursuant to § 404 of the First Step Act of 2018. (Doc. No. 51 ["Mot."].) Having considered all relevant sentencing factors in 18 U.S.C. § 3553(a), the Court determines that a sentence reduction is not warranted.[1]

**I. PROCEDURAL BACKGROUND**

On May 2, 2019, the Court denied Lawson's motion for a reduction of his sentence under § 404 of the First Step Act of 2018. (Doc. No. 59.) Lawson appealed, and the Sixth Circuit remanded the matter to this Court for the limited purpose of clarifying whether the Court had

---

[1] Lawson has requested a plenary resentencing hearing. Sixth Circuit law has established that a plenary resentencing hearing is not required when adjudicating a motion for sentence reduction under the First Step Act, but a trial judge is permitted to consider subsequent developments in deciding whether to modify the original sentence. *See United States v. Maxwell,* No. 20-5755, 2021 WL 1046498, at *5 (6th Cir. Mar. 19, 2021) (recommended for publication)

determined that Lawson was not eligible for consideration under the First Step Act of 2018, or whether it had determined that Lawson's continued status as a career offender informed the Court's decision to exercise its discretion to deny a reduction. (Doc. No. 68.)

On December 9, 2019, the Court issued a memorandum opinion in which it clarified that, although it understood that Lawson was eligible for consideration under the First Step Act, it had exercised its discretionary authority to deny a sentence reduction. (Doc. No. 69 at 295.) By way of explanation, the Court noted while it recognized that Lawson would no longer be considered a career offender, his significant criminal history informed its decision to deny his motion. (*Id*.)

On October 2, 2020, the Sixth Circuit vacated the Court's decision and remanded. (Doc. No. 75.) The Sixth Circuit noted that the government had erroneously argued before this Court and on appeal that the district court lacked the authority to entertain Lawson's arguments that consideration should be given to the fact that the sentencing guidelines were mandatory at the time of sentencing and that, under current law, he would no longer be considered a career offender. (*Id*. at 308.) In remanding the matter to this Court, the Sixth Circuit explained:

> The law as to the First Step Act has evolved rapidly in our circuit since the district court entered its most recent opinion in this case. Understandably, then, the district court's opinion does not make clear whether the district court understood that it had authority to consider Lawson's arguments based on intervening changes in the law. *See* December 9, 2019 Opinion at 4 n.3. We will therefore vacate the district court's December 2019 opinion and remand for the limited purpose of allowing the district court to consider those arguments and to recite its reasoning as to them.

(*Id*. at 309.)[2]

---

[2] Following the remand, the Court permitted the parties to file supplemental briefs. (*See* Doc. No. 78 (Supplemental Brief of Defendant); Doc. No. 79 (Supplemental Brief of Plaintiff).) The Court also requested that United States Pretrial Services obtain defendant's prison records and recalculate defendant's guidelines range assuming defendant were sentenced under the 2018 sentencing guidelines. (Doc. No. 81 (Prison Disciplinary Records).)

## II. OFFENSE CONDUCT AND OFFENDER CHARACTERISTICS

As set forth in the Presentence Investigation Report ("PSR"), on or about October 3, 2003, law enforcement officers executed a search warrant at Lawson's residence where he was living with his girlfriend and their two children, ages 5 and 7. During the search, the officers seized 251.84 grams of crack cocaine, 1,042.09 grams of powder cocaine, and a Pietro Beretta 9 millimeter semi-automatic pistol. Lawson, who was home at the time of the search, admitted that he possessed the drugs and the firearm. (PSR ¶¶ 11, 12, and 46.)

In discussing his background with the PSR writer, Lawson indicated that his mother was a crack addict since he was 11 years old and that he "grew up on the street corners," living with relatives and friends. (*Id*. ¶ 47.) He acknowledged that selling drugs was wrong but indicated that all of his role models were drug dealers and that he saw this as a way out of "living in the streets." (*Id*. ¶ 47.)

Lawson reported that he drank alcohol, described himself as a "normal drinker," and said he did not consider himself to be an alcoholic. (*Id*. ¶ 53.) His drug of choice is marijuana[3], which he started using at the age of 17. (*Id*. ¶ 54.) When asked if he ever lost a job due to his substance abuse problem, Lawson reported "that he only has had one [] job in his life . . . [selling] drugs to support himself and his family." (*Id*. ¶ 56.)

## III. LAW AND DISCUSSION

Under the terms of the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018,

---

[3] Notably, he did not report ever using cocaine or cocaine base (crack).

3

PL 115-391, Dec. 21, 2018, 132 Stat 5194. A "covered offense" means "a violation of a Federal criminal statute, the penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). The decision to impose a reduced sentence for an eligible defendant is within the Court's discretion, as "[n]othing in [§ 404] shall be construed to require a court to reduce any sentence pursuant to [that] section." § 404(c).

As the Court previously observed, Lawson is eligible for resentencing under the First Step Act because Lawson was convicted of a "covered offense." (Doc. No. 69 at 294.) But while Lawson is eligible for a sentence reduction, the Court finds that a reduction is not warranted, even considering that if he were sentenced today, he would not be classified as a career offender. In determining whether to exercise its discretion to modify a defendant's sentence, the Court considers the factors outlined in 18 U.S.C. § 3553(a), including the defendant's amended sentencing guidelines range, and any relevant post-sentencing conduct. *See United States v. Flowers*, 963 F.3d 492, 498 (6th Cir. 2020); *United States v. Allen*, 956 F.3d 355, 358 (6th Cir. 2020). The Court is also permitted (but not required) to consider other "intervening developments, such as changes to career-offender guidelines, as grounds for reducing a sentence[.]" *See United States v. Maxwell*, No. 20-5755, 2021 WL 1046498, at *5 (6th Cir. Mar. 19, 2021) (recommended for publication). The Court must ensure that the sentence is "sufficient but not greater than necessary to achieve the purposes of sentencing." *Flowers*, 963 F.3d at 498.

Under the 2003 edition of the sentencing guidelines, Lawson started with a base offense level of 34, but because he had two prior state law convictions for drug trafficking under Ohio Rev. Code § 2925.03, he was determined to be a career offender under U.S.S.G. § 4B1.1 with a

4

corresponding offense level of 37. After applying a three-level reduction for acceptance of responsibility, and with a criminal history category of VI owing to his career offender status, Lawson's guidelines range was 262–327 months. (PSR ¶ 65.) He ultimately received a custody sentence of 262 months–the low-end of the range.

It is undisputed that if he were sentenced today, Lawson would no longer be considered a career offender. That is because the convictions relied upon as predicate offenses only required possession of a controlled substance and did not contain the necessary element of intent to distribute. *See United States v. Montanez*, 442 F.3d 485, 494 (6th Cir. 2006) (referencing Ohio Rev. Code § 2925.03). Without the career offender designation, and after taking into account the changes in the law relative to cocaine offenses and applying the appropriate adjustments, his advisory guidelines range today would be 121–151 months.[4]

The Court has considered the fact that the original sentencing judge was constrained by the statutory sentence of 20 years to life for Count 1 (Possession with Intent to Distribute Crack Cocaine), the then-mandatory sentencing guidelines, and Lawson's status as a career offender when he imposed Lawson's sentence. It has further considered the fact that Lawson's advisory sentencing range would be much lower were he sentenced today. *See Maxwell*, No. 20-5755, 2021 WL 1046598, at *5 (affirming denial of First Step Act motion, despite the fact that defendant would not have been considered a career offender if sentenced today); *United States v. Ware*, 964 F.3d 482, 488 (6th Cir. 2020) (in deciding a motion under the First Step Act, a district

---

[4] Based on the 2018 sentencing guidelines, Lawson's convictions involving 251.84 grams of crack and 1042.09 grams of cocaine would result in a base offense level of 30. Applying a 2-level increase for the possession of a firearm and a 3-level reduction for acceptance of responsibility, Lawson's total offense level would be 29. Without the career offender designation, Lawson would be at a criminal history category of IV, with a resulting sentencing range of 121–151 months.

court may consider as "a factor" under 18 U.S.C. § 3553 that the defendant was sentenced in part under laws that have since changed and that now would be considered a legal mistake). Nevertheless, the Court remains convinced that the sentencing factors under § 3553(a) support the substantial sentence that was imposed and that Lawson is not entitled to a sentence reduction.

In this case, Lawson committed serious crimes by trafficking substantial amounts of controlled substances—cocaine and cocaine base (crack). He possessed a firearm in connection with these crimes—despite being under a disability—making the crimes even more serious. As if these factors were not serious enough, the drugs and the firearms were found at the home Lawson shared with his girlfriend and their two minor children, thereby jeopardizing their safety.

Further, Lawson's criminal history is extensive. His PSR reflects, in part, the following adjudication and convictions for serious controlled substance offenses involving cocaine: an adjudication for Aggravated Trafficking (F3) when Lawson was 14 years old; convictions in Trafficking in Drugs (F3) and Drug Law (F3) when Lawson was 17 years old; and convictions for Trafficking in Drugs (F3) and Drug Abuse (F4) when Lawson was 19 years old. Despite his previous convictions and resulting terms of imprisonment, Lawson was not deterred from continuing his pattern of illegal drug trafficking and possession. In fact, the instant offenses were committed less than three years from his release from a custody term on a conviction for Preparation of Drugs for Sale (F5), an offense involving marijuana. (PSR ¶ 39; *see* Doc. No. 32 (Sentencing Transcript ["TR"]) at 209.)

In deciding this motion, the Court has taken into consideration the sentencing factors, including Lawson's history and characteristics, the nature and circumstances of the offenses, the need to prevent unwarranted sentencing disparities, and the need to protect the public. The Court

has also considered Lawson's post-sentencing conduct, including the programming Lawson has completed while incarcerated, his release plan, the letters that were offered in support of his motion, and his conduct while incarcerated. (*See* Doc. No. 56 and attachments; Feb. 9, 2021 Staff Note and attachment; Doc. No. 78-2 (letters); Doc. No. 81 (Prison Disciplinary Records).)

While the Court commends Lawson on the programming that he has completed while in the custody of the Bureau of Prisons, including obtaining his Graduation Equivalency Degree, and it hopes that the education he received and the skills he acquired will assist him in transitioning into a life of productivity once he is released, the Court is not convinced that Lawson has been rehabilitated and finds that he still poses a risk of engaging in criminal activity. In reaching this conclusion, the Court finds Lawson's extensive prison disciplinary record telling.

Lawson has 18 disciplinary violations, with the most recent infractions involving assault (punching assault resulting in injury to another), the illegal possession of drugs (baggies of marijuana on Lawson's person during search), and a weapons infraction (Lawson admitted to possessing a dangerous weapon). He also has infractions for being insolent to staff members. Additionally, even though Lawson completed substance abuse programing in 2014 and 2018, he committed infractions involving drugs as late at October 4, 2018. Moreover, some of his drug violations involved possession of packets or baggies of drugs, which suggests possible distribution (*see* 10/4/2018 incident involving baggies of marijuana on Lawson's person during search, and 2/2/2011 incident in which Lawson was observed handing bag to another inmate which contained 19 packets of marijuana). Indeed, Lawson's disciplinary record is checked with "drugs/alcohol" violations. This suggests that even when in a controlled environment, Lawson

has still found a way to obtain drugs and weapons. It also demonstrates a worrisome disregard for rules, and his overall conduct suggests a disregard for authority.

Given Lawson's history of drug trafficking and illegal possession of a firearm and his continued involvement with drugs and violent and insolent behavior while incarcerated (as well as his other infractions), the Court is concerned that Lawson remains unable or unwilling to abandon his dangerous and illegal lifestyle and conform his conduct so as to abide by the laws of society.

After considering all of the relevant sentencing factors under § 3553(a), and for all of the reasons set forth above, the Court concludes that a lesser sentence would fail to meet the goals and objectives of § 3553.

### IV. CONCLUSION

Accordingly, and by way of clarification, the Court renews its decision to deny Lawson's motion for a sentence reduction under the First Step Act of 2018.

**IT IS SO ORDERED**.

Dated: April 13, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**